Date: November 27, 2017

12-17-00371-CR

Pam Estes
Clerk; Twelfth Court of Appeals
1517 West Front Street • Suite 354
Tyler, Texas 75702

FILED IN COURT OF APPEALS
12th Court of Appeals District

NOV 3 0 2017

TYLER TEXAS
PAM ESTES, CLERK

Enclosed are Applicant Original "Motion For Leave To File An Original Application For Writ of Mandamus", Along with Exhibit(s)... Also See a copy of "Motion To Show Cause For Contempt" executed on this the 06 day of April 2017, Filed April 17, 2017...

Dear Clerk,

Please File-mark this letter as proof received as receipt and return to me in the self-addressed stamped envelope provided.

Respectfully Submitted

Gayland Decloyce Williams
Gayland Deloyce Williams
T.D.C.J. ID# 00875982
T.D.C.J. Unit: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570

12-17-00371-CR

Trial Court Case # 241-1607-14

Twelfth Court Case # 12-15-00065-CR

Cause No. 241-1607-14-A

FILED IN COURT OF APPEALS
12th Court of Appeals District

NOV 3 0 2017 elKm

TYLER TEXAS
PAM ESTES, CLERK

| | | |
|---|---|---|
| Gayland Decloyce Williams | § | IN THE TWELFTH COURT OF APPEALS |
| VS. | § | OF |
| THE STATE OF TEXAS | § | SMITH COUNTY, TEXAS |

Motion For Leave To File An Original Application For Writ of Mandamus

TO THE HONORABLE JUDGE's of SAID COURT:

COMES Now, Gayland Decloyce Williams, Applicant, Pro Se in the Above-styled and number's cause of Action And Files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3 (C)(D) of the Texas Code of Criminal Procedure, and Texas Gov't Code Ann § 22.221 (B) = 22.221 Writ Power., Case: Padilla Vs. McDaniel, 122 S.W. 3d 805 (Tex Crim. App. 2003; Tex Const. Art V. § 6 Texas Statutes, Constitution of the State of Texas 1876, Article V. Judicial Department, Sec. 6 Court of Appeals: Terms of Justices: Clerk (A)... Original Proceeding, See Case: "Dicken Vs. Court of Appeals Second Dist.," 727 S.W. 2d 542 - 549 - 50 (Tex. Crim. App. 1987) ... Mandamus Relief; Two prongs, See Cases: In Re State Ex Rel. Villa Lobos, 218 S.W. 3d 837 (Tex. App.- Corpus Christi 2007); In Re Rodriguez, 77 S.W. 3d at 460 (Tex. App. - Corpus Christi 2002); and State Ex Rel. "Hill Vs. Court of Appeals Fifth Dist., 34 S.W. 3d 924, 927 (Tex. Crim. App. 2001)..., And would Show the Court the Following:

# I.

B. Applicant

Gayland D. Williams. T.D.C.J. # 00875982 is an OFFENDER INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND IS APPEARING PRO-SE WHO CAN BE LOCATED AT "BERRY TELFORD UNIT, 3899 STATE HWY 98; NEW BOSTON, TEXAS 75570; BOWIE COUNTY, TEXAS...

Applicant Gayland Decboyce Williams, FILED HIS FIRST APPLICATION TEX. C.C.P. ARTICLE 11.07 HABEAS CORPUS ON September 15, 2016... ALLEGING TWO GROUNDS FOR RELIEF.,

Applicant FIRST GROUND FOR RELIEF CLAIM TRIAL COUNSEL/HON. CLIFTON ROBERSON, DEPRIVED Applicant OF HIS CONSTITUTIONAL RIGHT TO HAVE EFFECTIVE ASSISTANCE COUNSEL.

Applicant SECOND GROUND FOR RELIEF Applicant CLAIM "NO" EVIDENCE TO SUPPORT THE CONVICTION FOR A THIRD degree Felony EVADING with Vehicle.

# Outline of Writ of Habeas Corpus Filing

On March 17, 2016, Applicant Filed cover Letter to the District Clerk: Lois Rogers, of Smith County, Texas ... Along with the Followings; Motion For Evidenteary Hearing; Order Regarding Request For Hearing; Request For Court Appointed Counsel = Pursuant To Article 1.051. Texas Code of Criminal Procedure also Exhibit 1 Declaration In Support of Right to Representation By Counsel Art. 1.051. Texas Code of Criminal Procedure; Order: Appointment of Counsel; Motion For Bench Warrent with Order...

On September 15, 2016, Applicant Filed His First Article 11.07 Application Writ of Habeas Corpus seeking Relief From Final Felony Conviction Judgment/sentencing. See: Tex. R. App. Proc. 25.2

On September 28, 2016, Applicant received State's Answer In Habeas Corpus and designated issues. Applicant Alleged two grounds for Relief. Under Applicant First ground He complained that trial counsel, Hon. Clifton Roberson, was ineffective For a variety of Reasons. Stating the need For and evidentiary Hearing and Expansion of the record by way of Affidavit From Applicant trial counsel, Hon. Clifton Roberson ... On October 04, 2016, A memorandum Order was issued to determine the merits of Applicant Claim, a hearing will be granted by way of Affidavit only From trial counsel, Hon. Clifton...
October 04, 2016 -Thru- November 17, 2016 .. 33 days ...

On November 28, 2016, District Clerk Filed Applicant; Motion seeking information pertaining to the Court's Request for Affidavit From Applicant Trial Counsel From Cause # 241-1607-14-A...

On April 17, 2017, District Clerk: Lois Rogers Filed Applicant Motions; Motion For Permission to Amend Petition For Writ of Habeas Corpus (and) Motion To Show Contempt...

On May 25, 2017, Applicant sent a Letter to Honorable Judge Jack Skeen, Jr. presiding over the 241st District Court Smith County, Texas.. Letting Him Know that his time has exceeded the 180-day period. Tex. R. App. Proc. 73.5.. And to please disposal Applicant Post Conviction Application For Writ of Habeas Corpus to the District Clerk: Lois Rogers; so that she can immediately transmit to the Court of Criminal Appeals Clerk: Abel Acosta, at Supreme Court Bldg., 201 W. 14TH St., Austin, Texas 78711...

# Writ Of Mandamus 3 pongs

## I.

## Justiciable Interest

Applicant has a Clear Justiciable interest stating from November 10, 2014, when trial counsel, Hon. Clifton Roberson was appointed to represent applicant as a defendant. Upon his visit's at the Smith County Jail we never got on track to the charge: Evading with Vehicle under: 38.04 of the Tex. Penal Code. At one point appointed trial counsel acted as if he didn't have to pay attention to "Lay Person" because of my Lack of Legal Knowlegde. On February 02, 2015, trial counsel did not inquire as to if my case would need any outside assitance from anothe firm. Nor did he inquire as to what typies of defense he was or had put together in order to adequately represent his client. Applicant trial counsel did not take on his responsibility to conduct a prompt investigation into the circumstances of the case and explore all avenus leading to the facts relevant to innocence/guilt or penalty. If trial counsel would have secured information in the possession of the state's prosecutor and Law enforcement authorities. If this would have taken place trial counsel would'nt have gave his client erroneous advice. Prosecution misconduct also played a role in ineffective assistance of counsel, because trial counsel repeately failed to oject to the inadmissible/improper evidence. All potential revesible error in a trial court was not presered because trial counsel's repeately failed to oject. Duffy Vs. State 567 S.W. 2d 197 (Tex. Cr. App. 1978) ..
Prosecution misconduct: see Tex. C.C.P. Art. 2.01 Duties of District Attorney:

HERFORD Vs. STATE, 139 S.W. 3d 733 (TEX. APP. - FORT WORTH 2004)., SEE: TEX CODE of CRIMINAL PROC. ARTICLE 38.23 (A)., AND SCHULZ Vs. STATE, 446 S.W. 2d 872 (TEX. CR. APP. 1969) TEX. R. CRIM EVID. 103 (D)...

THE TRIAL COURT'S RECORDS WILL REFECT THAT TRIAL COUNSEL MADE **NO OBJECTION'S** TO THE CHARGE NOR THE EVIDENCE PRESENTED. SEE: REPORTER'S RECORD VOLUME 1-of-1 TRIAL COURT CAUSE No. 241-1607-14A. VOL. 10; LINES 5-18; Vol. 11 LINES 4-6; Vol. 12 LINES 5-12; Vol. 13 LINES 6-8... Also SEE: RUMMEL Vs. STATE, 509 S.W. 2d 630 (TEX. CR. APP. 1974); CUYLER Vs. SULLIVAN, 100 S. CT. 1708 (1980); STRICKLAND Vs. WASHINGTON, 104 S.CT. 2052 (1984); TEX. RULES of APP. PROC. RULE 33.1 (A)(1); WILSON Vs. STATE, 71 S.W. 3d 346 349 (TEX. CRIM. APP. 2002)...

At THAT POINT HIS ETHICAL DUTIES TO ACT IN AS A PROFESSIONAL MANNER by SHOWING SOME CONFLICT of INTEREST. IN OTHER WORDS YOU CAN HAVE A **INCOMPETENT** TRIAL COUNSEL, WHO IS VERY LOYAL TO HIS CLIENT, KEEP YOUR BEST INTEREST AT HEART, AND PRESERVE CLIENT CONFIDENCE, but SIMPLY "**BLOW**" YOUR CASE. THIS FOUNDS THE "DUE PROCESS CLAUSE" of THE FOURTEENTH AMENDMENT STANDING ALONE AND **UNAIDED** WHEN "INEFFECTIVENESS of COUNSEL" HAS RENDED A TRIAL FUNDAMENT-ALLY UNFAIRNESS, WHETHER TRIAL COUNSEL BE RETAINED "OR" APPOINTED AND WHETHER HIS ACTION "OR" INACTION WAS KNOWN "OR" UNKNOW TO STATE TRIAL OFFICIALS. SEE: NIX VS. STATE, 65 S.W. 3d 664 (TEX. CRIM. APP. 2001); TEX. CODE CRIM. PROC. ANN ART. 1.15; ROGERS VS. STATE, 640 S.W. 2d 248, 264-65 (TEX. CRIM. APP. [PANEL Op.] 1982... TRIAL COUNSEL MOST DEFINITELY did NOT ATTEMPT TO DETERMINE if APPLICANT WAS GUILTY - OR - INNOCENCE WITH TRIAL COUNSEL HAVING EXPERIENCE BEFORE IN FRONT of 241ST DISTRICT JUDGE: JAKE SKEEN JR. INVOLVING

Other case's why did he just stand there as if He had a good strong defense. He NEVER ONCE advised Applicant of His Rights To Appeal After Sentencing... See: Texas Sentencing Book; § 2.4 Appeal (A) Defendant's Right To Appeal.. Tex. R. App. Proc. 23.1 ... After Sentencing; Tex. Code Crim. Proc. Article 44.02 ... Texas Sentencing Book; § 2.4 (C) Punishment On Remand: Tex. Code Crim. Proc. Article 44.29 (B) Effect of Reversal; Ex Parte Sewell, 742 S. W. 2d 393, 397 (Tex. Crim. App. 1987); Carson Vs. State, 6 S. W. 3d 536, 539 (Tex. Crim. App. 1999)...

# II.
## Clear Right To Relief

Applicant is seeking Jurisdiction relief under; Tex. Code Crim. Proc. Article 11.05 = By Whom Writ May Be Granted.; Tex. Code Crim. Proc. 11.15 Writ Granted Without Delay... Applicant is seeking authority to Act because of being unsuccessful in obtaining relief from the 241st District Court trial Judge: Jack Skeen, Jr. presiding Smith County, Texas... Similar Jurisdiction is the core of Judicial power vested in the Courts by the Texas Constitution embracing the authority to hear evidence, decide issues of Fact raised by the Applicant Application Writ of Habeas Corpus, under Code of Criminal Procedure, Article 11.07, decide relevant question of Law, enter Final Judgment on the Facts, and Law, and execute Final Judgment "or" Sentencing. Applicant is seeking relief under: The Statue; Tex. Penal Code 38.04 punishment range... The statue should Have (Direct and Positive) Constituent elements of the alleged offense sought to be charged. This is how the indictment should have been written = Statue: 38.04 (B)(1)(B).. Applicant primary defense was that of a offense Class (A) misdemeanor.. Because trial counsel, Hon. Clifton Roberson, Failed to use his responsibilitys to conduct a prompt investigation into the circumstances of applicant case and explore all avenues leading to the Facts relevant to applicant Innocence / Guilt and the degree of guilt if any or penality. See: Ex Parte Fitzpatrick (Cr. App. 1959) 167 Tex. Crim. 376, 320 S.W. 2d 683...

THE STATE PROSECUTOR: Mr. KENNETH M. BIGGS AND APPLICANT TRIAL COUNSEL, Hon. Mr. CLIFTON L. ROBERSON, "BROADENED" OR "ALTERED THE OFFENSE FROM A MISDEMEANOR, TO A STATE JAIL FELONY, TO A THIRD DEGREE FELONY, by ALLEGING ONE ADDITIONAL ELEMENT = THE USE OF A MOTOR VEHICLE. SEE: UNITED STATES Vs. Chandler, 858 F. 2d 254 (5TH Cir. 1988); STIRONE Vs. UNITED STATES, 361 U.S. 212, 215-17, 80 S.Ct. 270, 272-73, 4 L.Ed. 2d 252 (1960); EX PARTE BAIN, 121 U.S. 1, 10, 7 S.Ct. 781, 786, 30 L.Ed. 849 (1887); UNITED STATES Vs. YOUNG, 730 F. 2d 221, 223 (5TH Cir. 1984)...SEE: EXHIBIT (A) INDICTMENT ...(B) JUDGMENT OF CONVICTION BY COURT-WAIVER OF JURY TRIAL SHEET ...SECTION 38.04 IS A COMPLEX STATUTE HOWEVER, PROVIDING FOR THE ELEVATION, ENHANCEMENT, OR UPGRADING OF THE OFFENSE ITSELF TO DIFFERENT DEGREES OR LEVELS OF FELONY OFFENSE'S DEPENDING ON CERTAIN CIRCUMSTANCES. When THE OFFENSE IS UPGRADED, THE PUNISHMENT THEN APPLICABLE WILL COME INTO PLAY PROVIDING THE PROPER PROOF IS OFFERED.

I, GAYLAND DELJOYCE WILLIAMS, APPLICANT/Pro Se/Lay PERSON WAS CONVICTED UNDER: TEX. PENAL Code SEC. 12.34 (A), THIRD DEGREE PUNISHMENT. THIS IS WHAT THEY WANTED TO USE: TEX. PENAL Code SEC. 12.35 STATE JAIL FELONY PUNISHMENT (C)(2)...THEY AVOIDED THE USE OF TEX. PENAL Code SEC. 12.42 PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENSE ON TRIAL FOR FIRST, SECOND, OR THIRD DEGREE FELONY..NOT CONVICTED UNDER: TEX. PENAL Code 38.04 EVADING WITH VEHICLE AS STATED IN THE INDICTMENT. PRESENTED. SEE: UNITED STATES Vs. GREENWOOD, 974 F. 2d 1449 (5TH Cir. 1992) Under 18 U.S.C. § 3742 (B)(2)...

UNDER: Tex. Penal Code 38.04 Evading Arrect Or Detenton; There are two (2) Version of (B)... The first one states (B) [2 verison: Amended by Act 2011, 82nd Legs. Chs. 920] Senate Bill 1416... Applicant offense applys to (B) [2 version: Amend By Acts 2011, 82nd Legs. Chs 391] Senate Bill 496... See: Exhibit (C) Texas 82nd Legislature (Chapter 391] Senate Bill 496... Texas Penal Code Ann. 38.04 (A)(B)(2) Language structure, subject matter context, and History make it clear that a PRIOR CONVICTION constitutes an element of the Felony offense of Evading Arrest. As an element, the prior conviction NOT ONLY but must be included in the indictment, but also must be proved at trial. SEE: Gonzales Vs. State, 588 S.W. 2d 574, 575 (Tex. Crim App. [Panel Op.](1979); Calton Vs. State, 176 S.W. 3d 231, 234, 236 (Tex. Crim. App. 2005); Ex Parte Moffett, 542 S.W. 2d 184 (Tex Crim. App. 1976); Griego Vs. State, 331 S.W. 3d 815 (Tex. App-Amarillo 2011); Ford Vs. State, 112 S.W. 3d 788 (Tex. App. - Houston [14TH Dist. 2003); State Vs. Atwood, 16 S.W.3d 192 (Tex. App. Beaumont 200)... Also see: Exhibit (B) Judgment of Conviction By Court - Waiver of Jury trial... THE State did NOT PUT ON ANY EVIDENCE of the officer: Robert MAIN Report, any Audio or Video, depicting the officer's in pursue of applicant vehicle in a "High Speed Chase" or to a Heavily Lighted Area, Emergence lights on indicting the pursue of the applicant vehicle, or the relevance of whether applicant had ever been previously convicted under Section 38.04 of the Tex. Penal Code. AT this point applicant trial Counsel, Hon. Roberson should have "Objected" and concedes that there is NO evidence to support

the Class (A) misdemeanor, State Jail Felony, to a Third degree Felony. Due Process violation arise from a complete Absence of Evidence to support the Conviction. See: Ex Parte Coleman, 599 S.W. 2d 305, 307 (Tex. Crim. App. [Panel Op.] (1978); Rhem Vs. State, 873 S.W. 2d 383, 384 (Tex. Crim. App. 1994); Ex Parte Perales, 215 S.W. 3d 418 (Tex. Crim. App. 2007); Atwood Vs. State, 972 S.W. 2d 880 (Tex. App. -Texarkana 1998); Nix Vs. State. 65 S.W. 3d 664, 668 (Tex. Crim. App. 2001); Tex. Code Crim. Proc. Ann Art. 1.15 Jury In Felony...

Applicant is seeking Relief From the Court of Criminal Appeals in having the "Similar Jurisdiction" as the 241ST District Court. Because applicant has been unsuccessfully in obtaining Relief From the trial Court Judge Hon. Jake Skeen, Jr. presiding 241ST District Court in Smith County, Texas...

A Judgment of "Exoneration" to be Rendered as to the Third degree Felony of Evading with Vehicle and Showing No Evidence nor proof of being previously Convicted of Evading Arrest or Detention; Under: Tex. Penal Code 38.04...

Grant applicant "Motion For Bench Warrant" and "Order" already Filed: March 17, 2016... To Show that applicant is entitled to discharge From: Texas Department of Criminal Justice under: The operation of "Bryan Colier., Executive Director, At this present time...

Applicant contends that his sentencing under: Tex. Penal Code Sec. 12.34 (A) amounts to cruel and unusual punishment in violation of U.S. Const. Amend. VIII. Tex. Const. Art 1. § 13 (Vernon 1984) and Tex. Code Crim. Proc. Ann. Art 1.09 (Cruelty Forbidden (Vernon 1977)...

# III

## Demand & Refusal

On September 28, 2016, the State's Answer by (D). Matt Bingham; Criminal District Attorney indicated the need for and Evidentiary Hearing and Expansion of the record. An Affidavit from Applicant trial counsel, Hon. Clifton Roberson, is needed to address Applicant ground for relief that he received ineffective Assistance of counsel. On October 04, 2016, the 241st District Court stated to determine the merits of Applicant claim, a hearing will be granted by way of Affidavit only, from trial counsel, Hon. Clifton Roberson... The Memorandum was ordered stating trial counsel shall submit an original and three copies of his Affidavit to the post-conviction writ Clerk by November 17, 2016 deadline for filing of the Affidavit only.. *Tex. Gov't Code Ann. § 311.016* SEE: Exhibit (D) Memorandum.. Number #4 in the Memorandum states that Applicant is not to be brought back to the Smith County Jail for the Hearing. At this point Applicant should have been appointed a Attorney to handle all of his designed issues. *C.C.C.P. Chapter 26 - Arraignment* *26.04 Procedures for Appointing Counsel (F), (F-1)..* This irregular procedure was designed to avoid Applicant stay in the proceeding. If the 241st District Court would have allowed for a "Discovery" Evidentiary Hearing in the proceedings. To be Conducted under either Discovery Control / Evidentiary Hearing under: Tex. Code of Criminal Procedure Article 11.07 §3 (D)... Without the other interest partie being present then how is it that the Hearing will be conducted properly without no opportunity at all to make commits. At this point trial

Counsel is acting in Bad Faith and has also failed to afford applicant the professional and common courtesy of any written response to his statement of facts concerning the expansion of applicant allegations of receiving ineffective assistance of counsel. Trial counsel, Hon. Roberson did not file a motion for extension of time to file affidavit. See: Baker vs. Johnson & Campbell Motor Co. 412 S.W. 2d 386 (Tex. Civ.-App. San Antonio 1967)...Once the trial court 241st District Court has not receive an answer from trial counsel, Hon. Roberson, within the 33 days allowed to file. See: Steed vs. Woods, 475 S.W. 2d 814, 816 (Tex. Civ. App. -Amarillo 1972); In Re Fisch, 95 S.W. 3d 732 (Tex. App.-Houston [1st Dist.] (2003); In Re Thompson, 95 S.W. 3d 737 (Tex. App.-Houston [1st Dist.] (2003); Tex. R. Civ. Proc., Rule 215. Abuse of Discovery Sanctions.; 215.2(b)(5) = failure to comply with order or with discovery request... Applicant Trial Counsel, Hon. Roberson, violated a Ministerial duty when he failed to timely file controverting statement of facts or affidavit and extension of time. A Ministerial duty clearly spell out a duty to be performed by a public official with such certainty that nothing is left to the official discretion. See: Anderson vs. City of Seven Points, 806 S.W. 2d 791 (Tex. 1991); Dunn vs. Street, 938 S.W. 2d 33 35 (Tex. 1997)...Once the 241st District Court had not gotten a responce from applicant trial counsel, Hon. Roberson, within the time allowed for him on the determination of merits in applicant claim receiving ineffective assistance of counsel.

The 241ST District Court should have NOTIFIED STATE'S ATTORNEY D. Matt Bingham and Asst. Michael J. West, at 100 N. Broadway, 4th FL. Courthouse, Tyler, Texas 75702... Stating that no statement of Facts were File by way of affidavit From applicant trial counsel, Hon. Roberson... Notify District Clerk; Lois Rogers, so that she could immediately transfer all Filed motions and responce's to the Court of Criminal Appeals. The absence of statement of Facts does not require the dismissal of Habeas Corpus application. It entitles applicant to a reversal of the trial Court Judgment/Sentencing in the absence of a statement of Facts on the merits. The absence of statement of Facts prevent applicant From knowing about if there was a error based in His Ground One: Ineffectiveness Assistance of Counsel / or/ effectiveness Assistance of Counsel. In the legal issue the 241ST District Court Judge Hon. Jack Skeen, Jr., Failed to analyze or apply the law currectly which constitutes an abuse of discretion and entitles applicant to a reversed Claim.. Because of the applicant unsettled area of Law in the Ministerial Duty. See: Huie Vs. Deshazo, 922 S.W. 2d 920, 927-28 (Tex. 1996); In Re Tyler Asphalt & Gravel Co., 107 S.W. 3d 832, 840 N. #10 (Tex. App. - Houston [14th District.] (2003)... The Failure of the 241st District Court to act within the Allowed Time violates the Code of Equity. It aids the vigilant and not those who slumber on their Rights. See: Ex Parte Carrio, 992 S.W. 2d 486, 487-88 (Tex. Crim. App. 1999); Tex. R. App. Proc., Rule 73..: 73.5 Time Frame For resolution of Claim Raised in application. 180 days. See: Tex. Gov't Code Ann. § 82.061

(Vernon 1988) §82.061 Misbehavior "Or" Contempt (A); Also see: Tex. Gov't Code Ann § 21.002 = Contempt of Court (B).. See: Exhibit (E) Letter to the Hon. Judge; Jack Skeen, Jr.

## CERTIFICATE OF SERVICE

I Gayland Decloyce Williams, T.D.C.J. ID# 00875982 [Applicant] Pro-Se / Lay Person; Hereby certify That a true and correct copy of the above and Foregoing; "Motion For Leave To File An Original Application For Writ Of Mandamus; Rule 72.1 Leave To File .. Is being Forward By United State Mail / Hand delivered to The Twelfth Court of Appeals, Clerk: Pam Estes at 1517 West Front Street; • Suite 354 • Tyler, Texas 75702 on this the 27th day of November month 2017 year.

Respeatfully Submitted

Gayland Decloyce Williams
Gayland Decloyce Williams
T.D.C.J. -ID # 00875982
T.D.C.J. Unit: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570

## PRAYER

Applicant Respectfully Pray that this Honorable Court Panel of Court of Criminal Appeals will "**GRANT**" Applicant "Motion For Leave to File an Original Application For Writ of Mandamus., Under: Tex. R. App. Proc., Rule 72 = Extraordinary Matters = Rule 72.1 = Leave to File... Applicant is Seeking Jurisdiction Relief under this Court Panel having the Similar Jurisdiction as 241ST District Court due to the Unsuccessful Relief From Applicant Trial Counsel, Hon. Roberson, Conflict of Interest = No Effective Assistance of Counsel" And "Trial Judge Hon. Jack Skeen Jr., Miscon-duct In Failing to Analyzing or Applying the Law Currectly.. Tex. C.C.P. Article 11.05 By Whom Writ May Be Granted. and Tex. C.C.P. Article 11.15 Writ Granted Without Delay.. also See: Ex Parte Fitzpatrick, (Cr. App. 1959) 167 Tex. Crim. 376, 320 S. W. 2d 683...

Gayland Dedeyce Williams
Applicant, Pro-Se A Lay Person
Gayland Decloyce Williams
TDCS-ID# 00875982
TDCS-Unit: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570

Page 1 of 1

# INDICTMENT

241-140744

| | |
|---|---|
| **THE STATE OF TEXAS** | **IN THE 7TH DISTRICT COURT** |
| **VS** | **OF** |
| | **SMITH COUNTY, TEXAS** |
| **GAYLAND WILLIAMS** | 48010020 F3 |

CHARGE:   Evading with Vehicle          ARTICLE: 3804      CONTROL #: 14-04827

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the July-December Term, 2014, of the 7TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 3rd day of October, 2014, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, GAYLAND WILLIAMS did then and there, while using a vehicle, intentionally flee from Robert Main, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant.



FILED

DEC 11 2014

CLERK 7TH JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE.

R-14-559-F

Foreman of the Grand Jury

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

By_____
                    Deputy

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

---

NO. _____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

_____
Foreman of the Grand Jury

AMOUNT OF BAIL: $ 19,100
File this _____ day of
20 _____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
                                    Deputy

WITNESSES

CASE No.241-1607-14        COUNT 1
INCIDENT NO./TRN: 9061616174

| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
|---|---|---|
| V. | § | FEB 19 2015 |
| GAYLAND DECLOYCE WILLIAMS | § | SMITH COUNTY, TEXAS |
| STATE ID No.: 02648368 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. Jack Skeen Jr. | Date Judgment Entered: | 02/19/15 |
|---|---|---|---|
| Attorney for State: | BIGGS, KENNETH | Attorney for Defendant: | ROBERSON, CLIFTON |

| Offense for which Defendant Convicted: | | |
|---|---|---|
| EVADING WITH A VEHICLE | | |
| Charging Instrument: | Statute for Offense: | |
| INDICTMENT | 38.04 | |
| Date of Offense: | | |
| 10/03/14 | | |
| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
| 3rd Degree Felony | Guilty | N/A |
| Terms of Plea Bargain: | | |
| REFLECTED IN JUDGMENT | | |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |
| Plea on Jurisdictional Paragraph: | N/A | | |
| Findings on Jurisdictional Paragraph: | N/A | | |

| Date Sentence Imposed: | 2/19/15 | Date Sentence to Commence: | 2/19/15 |
|---|---|---|---|

| Punishment and Place of Confinement: | 10 Years/ Texas Department of Criminal Justice - Institutional Division |
|---|---|

THIS SENTENCE SHALL RUN CONCURRENTLY

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0.00 | $304.00 | | |

Sex Offender Registration Requirements DO NOT APPLY to the Defendant.

| Time Credited: | DAYS - 129 |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

XXX Defendant appeared in person with Counsel.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.



EX:B

~~TEXAS 82ND LEGISLATURE~~

2011 TEX. ALS 391; 2011 TEX GEN. LAWS 391; 2011 TEX. Ch 391; 2011 TEX. SB 496

BILL TRACKING SUMMARY FOR THIS DOCUMENT

SYNOPSIS: AN ACT RELATING TO THE PUNISHMENT FOR THE OFFENSE OF EVADING ARREST "OR" DETENTION.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

[*1] SECTION 1. Subsections (b) and (c), SECTION 38.04, Penal Code, ARE AMENDED TO READ AS follows:

(b) AN offense UNDER THIS SECTION IS A Class A MISDEMEANOR, EXCEPT that the OFFENSE IS:

(1) A STATE Jail Felony If:

(A) THE ACTOR HAS BEEN PREVIOUSLY CONVICTED UNDER THIS SECTION; OR

(B) THE ACTOR USES A VEHICLE [A> OR WATERCRAFT <A] While THE ACTOR IS IN flight AND THE ACTOR HAS NOT BEEN PREVIOUSLY CONVICTED UNDER THIS SECTION:

[2] A Felony of THE THIRD degree If:

(A) THE ACTOR USES A VEHICLE [A> OR WATERCRAFT <A] While THE ACTOR IS IN flight AND THE ACTOR HAS BEEN PREVIOUSLY CONVICTED UNDER THIS SECTION; OR

[B] ANOTHER suffers SERIOUS bodily INJURY AS A direct RESULT OF AN ATTEMPT by THE officer FROM whom THE ACTOR IS FLEEING TO APPREHEND THE ACTOR While THE ACTOR IS IN flight: OR

[3] A FELONY of THE SECOND degree If ANOTHER suffers death AS A direct RESULT OF AN ATTEMPT by THE officer FROM whom THE ACTOR IS FLEEING TO APPREHEND THE ACTOR While THE ACTOR IS IN flight.

(c) IN THIS SECTION [A> : <A]

[A> (1) "VEHICLE" <A] [D> "VEHICLE" <D] HAS THE MEANING ASSIGNED by SECTION 541.201, TRANSPORTION Code.

[A> (2) "WATERCRAFT" HAS THE MEANING ASSIGNED by SECTION 49.01 <A]

EXHIBIT (C)

→ BACK

EXHIBIT (C) BACK

[*2] SECTION 2. THE CHANGE IN LAW made by THIS Act applies only to AN OFFENSE COMMITTED ON or AFTER the EFFECTIVE date of THIS Act. An offense COMMITTED before THE EFFECTIVE date of THIS Act IS COVERED by THE LAW IN EFFECT ON the date the offense WAS COMMITTED, AND the FORMER LAW IS CONTINUED IN EFFECT for that purpose. FOR PURPOSES OF THIS SECTION, AN OFFENSE WAS COMMITTED before THE EFFECTIVE date of THIS Act IF ANY ELEMENT of the OFFENSE OCCURED before THAT date.

[*3] SECTION 3. THIS Act TAKES EFFECT September 1, 2011.

HISTORY:

Approved by THE GOVERNOR; JUNE 17, 2011

SPONSOR: FRASER

CAUSE NO. 241-1607-14-A

EX PARTE                        §        IN THE 241st DISTRICT COURT
                                §
                                §        OF
                                §
GAYLAND DECLOYCE WILLIAMS       §        SMITH COUNTY, TEXAS

F I L E D

OCT - 4 2016

CLERK, 241st DIST. COURT SMITH CO., TX
BY _____ DEPUTY

## MEMORANDUM

The defendant, GAYLAND DECLOYCE WILLIAMS, alleges that he received ineffective assistance of trial counsel. To determine the merits of this claim, a hearing will be granted **by way of affidavit only** from trial counsel, Hon. Clifton Roberson.

## ORDER

1.    The defendant's First Ground is **DESIGNATED** for future resolution.

2.    A hearing will be held **by way of affidavit only** concerning the allegations of ineffective assistance of counsel in the defendant's application. This hearing will consist of an affidavit from the defendant's trial counsel, Hon. Clifton Roberson, relative to his representation of the defendant at trial.

3.    Mr. Roberson shall submit an original and three copies of his affidavit to the post-conviction writ clerk by ___November 17___, **2016**. The clerk shall then mail a copy of the affidavit to the defendant **and** forward a copy of the affidavit to the appellate section of the Smith County Criminal District Attorney's Office.

4.    The defendant is **NOT** to be brought back to the Smith County Jail for a hearing.

5.    The clerk of the court is ordered to send a copy of this order to the defendant, Gayland Decloyce Williams, TDCJ-ID #00875982, Texas Department of Criminal Justice, Telford Unit, P. O. Box 9200, New Boston, Texas 75570, and to send a copy of this order to the District Attorney's Office.

SIGNED AND ENTERED this the 4th day of ___October___, 2016.

HONORABLE JACK SKEEN, JR.
Judge, 241st District Court
SMITH COUNTY, TEXAS

EXHIBIT D

Honorable Jack Skeen, Jr.
Judge, 241ST District Court
Smith County, Texas
100 N. Broadway Ave., RM 220
Tyler, Texas 75702                    DATE: May 25, 2017


District Clerk: Lois Rogers
Court House Smith County, Texas
100 N. Broadway Ave., 2nd Fl.
Tyler, Texas 75702

Request For Transmitting

Dear Hon. Jack Skeen, Jr.
   Enclosed, Please Find one Original copy of the "Request For Transmitting of Application of 11.07... Please File mark this letter as proof of receipt and return to me in the self-addressed stamped envelope provided.
I greatly appreciate your assistance in this matter and will patiently await your response.

                              Respectfully Submitted

                              Gayland Decloyce Williams
                              Gayland Decloyce Williams
                              Applicant Pro-Se
                              TDCS-ID# 00875982
                              TDCS-Unit: Berry Telford
                              3899 State Hwy 98
                              New Boston, Texas 75570

Exhibit (E)

Cause No. 241-1607-14-A

Honorable: Jack Skeen, Jr.
Judge., 241st District Court
Smith County, Texas
100 N. Broadway Ave., RM 220
Tyler, Texas 75702

Date: May 25, 2017

District Clerk: Lois Rogers
Court House
100 N. Broadway Ave., 2nd Fl.
Tyler, Texas 75702

Request For Transmitting

To The Attention of Honorable Judge Jack Skeen Jr. of the 241st Judicial District Court Smith County, Texas.. This Request is to Let you know that your time has exceeded the 180-day period. Please disposal applicant Post conviction Application For Writ of Habeas Corpus to the District Clerk: Lois Rogers; So that she can immediately transmit to the Court of Criminal Appeals Clerk; Abel Acosta; at Supreme Court Bldg.; 201 W. 14th St., RM 106., Austin, Texas 78711-2308 ... The Copy of the Application 11.07, any Answers Filed and a Certificate reciting the date upon which that finding was made.

Texas Rules of Appellate Procedure
Rule 73 = Postconviction Application for Writ of Habeas Corpus
73.5 = Time Frame For Resolution of Claims Raised in Application

Exhibit (E)

Respectfully Submitted

_Gayland Decloyce Williams_
Gayland Decloyce Williams
Applicant, PRO - SE
TDCJ-ID # 00875902
TDCJ-Unit BERRY TELFORD
3899 STATE HWY 98
NEW BOSTON, TEXAS 75570

Cause No. 241-1607-14-A

Ex Parte

Gayland Decloyce Williams

IN THE 241ST DISTRICT COURT
OF
Smith County, Texas

Motion To Show Cause for Contempt

Honorable Judge

Applicant Gayland Decloyce Williams, comes before the Court in AN ATTEMPT to gain Trial Attorney, Hon. Clifton Roberson compliance with the Court Order stemming from: Gayland Decloyce Williams writ For the Writ of Habeas Courqus (§ 11.07 C.C.P.) therefore Consider the following;

I.

Procedural History

On 15th day of September, 2016 Williams filed his petition listing two grounds of error.

On 27th day of September, 2016 the state requested issues be designated on Williams First ground of error, in the matter of affidavit from Roberson counsel at time of trial, the Honorable Clifton Roberson.

On 04 day of October 2016, the Honorable Jack Skeen, Jr. presiding over the 241st District Court of Smith County, Texas ordered Honorable Roberson to respond to Williams First ground For Relief by way of Affidavit due by November 17, 2016.

## CONCLUSION

THEREFORE, CURRENTLY SINCE <u>October 04, 2016</u>, <u>ROBERTSON</u> HAS YET TO RESPOND TO THE COURT'S ORDER " OR " FILED ANY "EXTENSION (S) OF TIME MOTION (S).

VERNON'S TEX. GOVERNMENT CODE ANN §§ 311.016 : May, Shall, Must. ETC...

APPLICANT REQUEST THE 241ST DISTRICT COURT TO LOOK INTO THE FOLLOWING;

VERNON'S TEX. GOVERNMENT CODE ANN §§ 21.002 : CONTEMPT OF COURT (B).

TEX. R. CIV. P. = Rule 215. ABUSE OF DISCOVERY SANCTION

215.2 FAILURE TO COMPLY WITH ORDER OR WITH DISCOVERY REQUEST:

215.2 (A)(5)...

APPLICANT IS ASKING THIS 241ST DISTRICT COURT TO TAKE IN CONSIDERATION THE INFORMATION PRESENTED HERE AND WILL **"GRANT"** APPLICANT THE FACE-TO-FACE EVIDENTIARY HEARING.

TEX. R. CIV. P. 202 AND C.C.P. ART. 11.07 § 3(D) U.A.C.C.P. ...

APPLICANT RESPECTFULLY REQUIRE THAT THIS HONORABLE COURT TO "GRANT" MOTION FOR BENCH WARRANT SO THAT APPLICANT BE ALLOWED TO ATTEND THE PROCEEDING'S "IN PERSON" ...

## PRAYER FOR RELIEF

Wherefore Premiss Considered Applicant Pray's that this Honorable Court "GRANT" Motion To Show Cause For Contempt" an Order an Evedentiary Hearing In The Proceedings and Thin Order From The Bench Warrent THAT T.D.C.J. -ID Director: Bryan Coller Release Applicant to the Care and Custody of Sheriff Smith of the Smith County, Texas Sheriff Department For Delivery to These Proceeding's ...

Respectfully Submitted,

Gayland Decloyce Williams
Gayland Decloyce Williams
T.D.C.J. -ID# 00875982
T.D.C.J. UNIT: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570

# VERIFICATION

I, Gayland Decloyce Williams, T.D.C.J.-ID# 00875982 is an inmate/offender being presently held incarcerated in the Texas Department of Criminal Justice.. Do hereby verify and declare under penalty of perjury that the foregoing "Motion To Show Cause for Contempt" is all true and correct as well as offered in good faith.

[Civ. Prac. & Rem. Code 3/32.001-3. et. Seq. 128 U.S.C. § 1746]

Signed & Executed On this the 06 day of April 2012..

Respectfully Submitted,

Gayland Decloyce Williams
Gayland Decloyce Williams
T.D.C.J. -ID# 00875982
T.D.C.J. Unit: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570

# CERTIFICATE OF SERVICE

I Gayland Decloyce Williams, T.D.C.J. ID# 00 875982 [Applicant] Pro-Se; Hereby certify that a true and correct copy of the above and foregoing "Motion To Show Cause For Contempt" was forward by United State Mail / Hand Delivered to the Smith County Court House, District Clerk, Lois Rogers, Court House, 100 N. Broadway Ave. 2nd Fl., Tyler, Texas 75702 on this the 06 day of April month 2017 year.

Respectfully Submitted,

Gayland Decloyce Williams
Gayland Decloyce Williams
T.D.C.J. ID# 00875982
T.D.C.J. Unit: Berry Telford
3899 State Hwy 98
New Boston, Texas 75570